NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10256 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00381-VC-2 |
| v. | |
| JOSE ALEJANDRO VASQUEZ ROBLEDO, AKA Gusano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 11, 2020[**]
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and BATAILLON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Jose Alejandro Vasquez Robledo ("Robledo") appeals his conviction for conspiracy to distribute fifty grams or more of methamphetamine and distribution and possession with intent to distribute fifty grams or more of methamphetamine. We affirm.

Assuming without deciding that the district court abused its discretion by allowing the government to introduce evidence Robledo had previously sold methamphetamine to codefendant Esparza, any alleged error did not materially affect the verdict. *See United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015). The drug sale at issue was captured on video and audio by the confidential informant ("CI") and personally observed by ATF agents. The recordings showed Robledo and Esparza meeting with the CI on the date of the sale. Shortly thereafter, Robledo was recorded talking on the phone to the CI, telling him when the drugs would arrive, and saying "his guy was coming right now" just as video showed Esparza arriving on a bicycle. After Esparza and the CI exchanged the drugs and cash, ATF agents watched Esparza ride back to Robledo and hand over the cash from the transaction. Four separate witnesses—the CI, Esparza, and two agents—provided testimony consistent with what appeared on the recordings, and contradicted Robledo's testimony he was merely trying to buy a gold chain, which was never mentioned on any of the audio or video recordings. The evidence "overwhelmingly proved the

defendant's guilt" and Robledo's conviction therefore must stand. *United States v. Sine*, 493 F.3d 1021, 1041 (9th Cir. 2007).

**AFFIRMED.**